UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY WILLIAMS

    Plaintiff,

v.                                                          Case No: 5:25-cv-66-WFJ-PRL

ANTHONY TROY WILLIAMS, et al.,

    Defendants.
_____

## ORDER

This cause is before the Court upon Plaintiff's motion for reconsideration (Doc. 8) which seeks reconsideration of the Court's Order (Doc. 5) dismissing his case. The case was dismissed due to Plaintiff's failure to comply with this Court's order. For the reasons set forth below, the motion will be denied.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)

(quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

The Court's Standing Order (Doc. 2) advised Plaintiff of some, but not all, of the procedural rules with which he must comply. The Standing Order notes that Plaintiff's failure to use the Court's approved complaint form can result in the dismissal of the action. *Id.* at 2. By Order dated February 25, 2025, Plaintiff was again advised of the Court's requirement to use the Court's approved form, was sent a blank complaint form, and was directed to file the amended complaint on or before March 11, 2025. (Doc. 4). A review of the docket reflects that a blank complaint form was sent with the February 25, 2025 Order. Plaintiff failed to comply, and the case was dismissed. (Doc. 5). Now, Plaintiff claims he never received the blank form. (Doc. 8).

The Standing Order further required Plaintiff to either pay the filing fee or file a motion

to proceed in forma pauperis within 30 days of the filing of the case. (Doc. 2 at 2). Plaintiff has failed to comply with that directive.

Accordingly, Plaintiff's Motion (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party